UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FELICIA HAYES,<br><br>    Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>    Defendant(s). | Case No. 2:22-cv-02167-MMD-NJK<br><br>**ORDER** |

    Pending before the Court is an order to show cause. Docket No. 34. Counsel filed a joint response. Docket No. 35.

    The Court set a firm discovery cutoff of November 1, 2023. Docket No. 31. On November 15, 2023, the parties sought to modify the case management deadline for filing dispositive motions on the ground that "the parties conducted additional discovery after the close of discovery." Docket No. 32 at 2. The Federal Rules of Civil Procedure expressly disallow parties from agreeing to engage in discovery in contradiction to the scheduling order without obtaining judicial approval. Fed. R. Civ. P. 29(b). Well-established Ninth Circuit law also makes abundantly clear that scheduling orders are important and must be taken seriously. Docket No. 34 at 2-3 (collecting cases).[1] The rule and the case law clearly contradict the surprising view now expressed that scheduling orders need not be followed. *See* Docket No. 35 at 10 (explaining belief that scheduling

---

[1] The tenor of the response to the order to show cause is that violations of scheduling orders are not important enough to warrant the imposition of monetary sanctions, *see* Docket No. 35 at 2, 5-7, which is flat wrong, *see, e.g., Martin Family Tr. v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 602-04 (E.D. Cal. 1999) (explaining importance of scheduling orders, disabusing counsel of the misperception that compliance with scheduling orders is "optional," and imposing monetary sanction for failing to file a status report by ordered deadline).

orders are not "hard and fast" so long as counsel finish discovery "within the spirit of the discovery order time frame").[2]

Given the circumstances, the Court declines to impose monetary sanctions, though it would be within its discretion to do so. Instead, counsel must read in its entirety the decision issued in *Martin Family Trust*, 186 F.R.D. 601, and must file a certification attesting to having done so by December 8, 2023. Counsel are also **CAUTIONED** that they must heed Rule 29(b) moving forward. The order to show cause is otherwise **DISCHARGED**.

IT IS SO ORDERED.

Dated: December 1, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Counsel now also explain that "[t]aking a deposition two days after the deadline [to complete discovery] does not undermine the court's ability to control its docket." Docket No. 35 at 7. That assertion does not address the supplemental written discovery that was apparently due earlier, but not provided. Docket No. 35 at 4. Moreover, and significantly, counsel attested just a few weeks ago that the case management scheduled needed to be modified precisely because the parties were engaging in discovery after the discovery cutoff. Docket No. 32 at 2.

Counsel also argue that good cause existed to extend the discovery cutoff, Docket No. 35 at 6-7, but the obvious problem with that excuse is that counsel did not file a request with the Court seeking relief from that deadline and, instead, simply granted themselves relief.